■ MARTIN HONIG et al., Respondents, v STEPHEN KOWALCHUK et al., Appellants. — In an action for specific performance and an accounting arising out of a limited partnership agreement, defendants appeal from so much of a judgment of the Supreme Court, Queens County (Buschmann, J.), dated March 20, 1980, which, after a nonjury trial, awarded plaintiffs a money judgment against defendant Kowalchuk on the May 3, 1979 agreement which purported to transfer all interests of each limited partner to Kowalchuk. Judgment affirmed insofar as appealed from, with costs. We agree with Trial Term that the plaintiffs are entitled to damages for breach of the May 3, 1979 buy-sell agreement. It cannot be doubted that the plaintiffs, in entering into the agreement, were authorized to act on behalf of the limited partners. It is undisputed that the plaintiffs possessed powers of attorney from all but two of the limited partners — William Schmeising and Ken Boyer. We see no reason to disturb the trial court's conclusion that the agreement was ratified by Schmeising and Boyer when, with knowledge of the terms of the agreement, they accepted the proceeds thereof. There is no merit to the defendants' argument that plaintiffs were unable to perform their portion of the agreement. The agreement required the plaintiffs, on the closing date, to "transfer to the General Partner photocopies of all powers of attorney of the Limited Partners." This provision was inserted to insure that the plaintiffs possessed all the powers of attorney which they claimed to possess, i.e., the powers of attorney for all the limited partners save Schmeising and Boyer. At the time the agreement was entered into, all parties appear to have been aware that plaintiffs had not obtained powers of attorney from Schmeising and Boyer. In the circumstances, we do not believe that the contract was intended to require plaintiffs to obtain powers of attorney from these limited partners. Rabin, J. P., Cohalan, Weinstein and Thompson, JJ., concur.